## FANCHER vs. ARMSTRONG.

Where a notice is given that depositions will be taken on a particular day, and between certain hours, and neither the depositions nor the certificate of the magistrate before whom they were taken, shows that they were taken between those hours, they cannot be read.

Whether, in covenant, payment and joinder do not form an immaterial issue—dub.

THIS was an action of covenant, tried in Carroll Circuit Court, in June, 1843, before the Hon. JOSEPH M. HOGE, one of the circuit judges. Fancher sued Armstrong on a bond for $1000, to be discharged in peltry, horses, or Arkansas bank notes. Plea payment, and joinder. On the trial, the defendant was allowed to read a deposition, taken under a notice for the 9th of January, 1843, between the hours of 10 A. M. and 3 P. M. The deposition did not appear to have been taken between the hours named, but was merely certified as taken on the day. There were, also, other irregularities, not noticed in the decision here. The plaintiff excepted to the admission of the deposition. The jury found for defendant. Judgment accordingly, and appeal.

The case was argued here by D. Walker, for appellant.

---

Fowler *vs.* McClelland.

---

*By the Court*, LACY, J.  The court below erred in not excluding the depositions read upon the trial.  The notice was to take the depositions upon a particular day, and between certain hours; and neither the depositions nor the certificate of the justice shows that it was taken between those hours.  *Rev. St.*, ch. 48.

In this case, which was an action of covenant, there was a plea of payment and joinder.  It is exceedingly doubtful whether this does not form an immaterial issue.  The cause is reversed upon the point first decided, and leave given the parties to amend their pleadings.